Graham, Judge,
delivered the opinion of the court:
This suit arises out of a cost-plus contract, with two supplements thereto, formally executed by the plaintiff and the authorized representatives of the defendant on or about December 11, 1917, by which the plaintiff undertook to furnish to the Government 2,000 F. W. D. trucks and certain spare parts therefor. For the construction of the spare parts as well as the trucks the Government was to furnish certain materials and parts and the plaintiff certain parts by manufacture. There was fixed for the cost-plus basis a bogie or estimated price of $2,850 per truck, and the plaintiff was to be paid a tentative price on each truck, and on the completion or termination of the contract, an additional sum in case the actual cost was less than the estimated cost.
In the original contract a mistake was made in that it provided that the plaintiff should furnish steel wheels for the trucks and the Government certain spare parts, oil side and tail lamps, whereas the intention and understanding of the parties before the contract was executed were that the *375 Government should furnish the steel wheels and the plaintiff the oil side and tail lamps. This mistake was corrected ,in the two said supplemental contracts, thus placing upon the Government the obligation to furnish the steel wheels. This is the construction we give to these contracts.
Thereafter, on September 15, 1918, the War Department gave the plaintiff an order for 1,500 additional trucks bo be delivered in February, March, and April, 1919. No formal contract was entered into for the delivery of these trucks. Plaintiff did some work under the order, and the transaction is not of any significance here except that it bears out the construction we give to the above contracts, in that it provided that the plaintiff should furnish the steel wheels and an increase by reason thereof in the bogie price, showing that as the Governnent construed the previous contracts' the Government was under obligation to furnish these wheels.
All of the material furnished and delivered in this case has been paid for at the tentative price. The court has found that the delays in delivery by the plaintiff were caused by the Government’s delay in delivering the necessary parts and materials called for by the contract. The plaintiff is therefore not liable to be assessed for liquidated damages.
On December 16, 1918, the plaintiff’s contract was terminated, and this termination was confirmed by letter of December 26. We hold that this telegram terminated the whole contract. On December 16,- 1918, plaintiff had delivered a large number of the trucks, had some ready to deliver, and others completed except the attaching of the wheels, which the Government had not delivered. The delay in completion here was due to the failure of the Government to furnish the materials and the delay in delivery of the trucks completed was due to the failure of the Government to transport them. A part of the spare parts to be furnished by plaintiff at this time had been delivered, the delay in delivery of the balance being caused by the delay of the Government in supplying the necessary material. The Government afterwards supplied the wheels and transportation, and all of the trucks called for by the *376 contract were delivered and the plaintiff was paid on the basis of the tentative price.
The one question remaining in this case, therefore, is what is the plaintiff entitled to recover under the provisions of the termination clause of the contract.
Under the termination clause plaintiff was to be paid all costs- and obligations incurred by it and not previously paid, pursuant to Article Y of the contract, together with the fixed profit “herein provided upon all articles previously delivered and accepted,” and in addition thereto a sum which together w,ith all fixed profits theretofore paid would be equivalent to 10% of all cost which the United States had already paid or was obliged to pay, except cost of materials purchased by contractor and for use in the performance of the- contract, but not used.
Article IY of the contract provides that in case of termination by the United States, if the actual cost should be found to be less than the estimate, the plaintiff should be paid 25% of the difference between the actual and estimated cost.
The figures and details determining the results under these two provisions of the contract are worked out in Finding XY, and show a sum due the plaintiff of $91,244.50.
Judgment should be entered for plaintiff for said sum, and it is so ordered.
Moss, Judge; Booth, Judge; and Campbell, Chief Justice, concur.
GreeN, Judge, took no part in the decision of this case.